Keith W. Heard (KH-8578)
Burke & Parsons
100 Park Avenue
New York NY  10017-5533
(212) 354-3800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK





| | |
|---|---|
| **HAWKNET LTD.**, <br><br> Plaintiff, <br><br> -against- <br><br> International Shipping Agency Group d/b/a ISACO Group; ISACO Shipping Shanghai Co. Ltd. and Shanghai International Shipping Agency Ltd., <br><br> Defendants. | **VERIFIED COMPLAINT** |

Plaintiff, Hawknet Ltd. (hereinafter "Plaintiff"), by its attorneys Burke & Parsons, as and for its Verified Complaint against Defendants, International Shipping Agency Group d/b/a ISACO Group, ISACO Shipping Shanghai Co. Ltd. and Shanghai International Shipping Agency Ltd., alleges upon information and belief as follows:

1.  This action involves a claim for the breach of a maritime contract, which is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This action also arises under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2.  At all times relevant hereto, Hawknet Ltd. was and still is a foreign corporation organized and existing under and by virtue of the laws of England with an office and place of business at 27-37 St. George's Road, Wimbledon SW19 4EU, England

3. At all times relevant hereto, defendant International Shipping Agency Group d/b/a ISACO Group was and still is a corporation organized and existing under and by virtue of the laws of a foreign country with an office and place of business at Room 64-606, Mingwah International Convention Center, No.8, Guishan Road., Shekou, Shenzhen, People's Republic of China.

4. At all times relevant hereto, defendant Shanghai International Shipping Agency Ltd. was and still is a corporation or other business entity organized and existing under and by virtue of the laws of a foreign country with an office and place of business at Unit M, 17/F, International Shipping & Finance Building,, 720 Pudong Avenue, Shanghai 200120, People's Republic of China.

5. At all times relevant hereto, defendant ISACO Shipping Shanghai Co. Ltd. was and still is a corporation or other business entity organized and existing under and by virtue of the laws of a foreign country with an office and place of business c/o Shanghai International Shipping Agency Ltd., Unit M, 17/F, International Shipping & Finance Building,, 720 Pudong Avenue, Shanghai 200120, People's Republic of China.

## CLAIM UNDER THE HEAD CHARTER

6. In May 2007, Hawknet chartered the vessel SHOU CHANG HAI from COSCO Bulk Carrier Co., Ltd. ("COSCO") for one time charter trip pursuant to a time charter on the New York Produce Exchange form.

7. Hawknet sub-chartered the Vessel to defendants on a voyage charter on the GENCON form dated May 29, 2007 (the "Sub-Charter"). Under the terms of the Sub-Charter, the Vessel was to load a cargo of wire rod in coils at Nantong and Zhangjiagang, two ports in the People's Republic of China, for discharge at Sagunto, Spain and Leixões, Portugal.

8. The Vessel loaded the wire rod at Nantong and Zhangjiagang in mid-June, bills of lading were issued and the Vessel then sailed to Portugal.

9. Upon discharge of the cargo at Leixões in August (which turned out to be the only discharge port), the receivers alleged that there was substantial damage and arrested the Vessel to obtain security for their claim.

10. To obtain the Vessel's release, COSCO arranged the provision of a bank guarantee in the principal amount of € 1,860,000.

11. To obtain countersecurity from Hawknet, COSCO commenced an action in this Court on September 27, 2007, in which it took steps to attach funds being transmitted to or from Hawknet pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, annexed to the Federal Rules of Civil Procedure. That action was filed under Docket No. 07 CV 8409 and was assigned to Judge Harold Baer.

12. To avoid the disruption to its business that would have resulted from the attachment of funds sought by COSCO, on October 4, 2007, Hawknet arranged for the American Steamship Owners Mutual Protection and Indemnity Association, Inc. to provide a letter of undertaking in favor of COSCO in the amount of $3,800,000, inclusive of interest and costs.

13. In consideration of the counter-security provided in favor of COSCO, as described in the preceding paragraph, COSCO withdrew and dismissed its Rule B action against Hawknet.

## CLAIM UNDER THE SUB-CHARTER

14. Under the terms of the Sub-Charter, the cargo is to be carried on an "FIO L/S/D" basis, which means defendants, as the Vessel's charterers, are to arrange, pay for and accept the risk, liability and expense of loading, stowing, lashing, securing and discharging the cargo.

15. Upon information and belief, if any liability for the cargo damage for which Hawknet has provided security to COSCO is imposed upon Hawknet, in whole or in part, then Hawknet shall be entitled to and hereby asserts the right to recover full and complete indemnity from defendants, reserving the right to have its claim against defendants arbitrated in London pursuant to the arbitration agreement found in Clause 33 of the Sub-Charter, which also provides that the Sub-Charter shall be "governed by and construed in accordance with English law".

16. In addition to an attachment in the full principal amount of the security provided to COSCO as stated in Paragraph 11 above, Plaintiff also seeks an attachment over an additional sum to cover its anticipated attorneys' fees and costs, which are routinely recoverable under English law in London arbitration. (*See Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 265 (2d Cir. 2002), where the attachment

that the Court of Appeals reinstated covered "an amount that includes interest and anticipated attorneys' and arbitrators' fees.")

17. As nearly as can be presently computed, Plaintiff estimates these additional damages and costs to be $350,000.00 in estimated U.K. counsel fees, costs, and arbitrators' fees, which will be incurred in conjunction with the London arbitration and which are recoverable there.

18. Based upon the foregoing, therefore, the total sum sought to be attached in this action with respect to Plaintiff's claim is $4,150,000.00.

19. For its part, Plaintiff has satisfied and performed all of its obligations under the terms of the Sub-Charter.

## BASIS FOR THE ATTACHMENT

20. Upon information and belief, and after investigation, Plaintiff has determined that the Defendants cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, but upon information and belief one or more of the Defendants has, or will have during the pendency of this action, assets within this District comprising, *inter alia*, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of the Defendants (hereinafter "Assets"), moving through garnishee banking institutions including but not limited to ABN Amro; American Express Bank; Bank of America NA; Bank of New York; Citibank; Deutsche Bank AG; HSBC Bank USA NA; JP Morgan Chase Bank; Standard Chartered Bank; Wachovia Bank and/or UBS AG.

21. Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendants or any of them held by or in the custody or temporary possession of the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendants and to secure Plaintiff's claims as described above.

WHEREFORE, Plaintiff prays:

a. That process in due form of law according to the usual practice of this Court may issue against Defendants citing them to appear and answer the foregoing, and failing such appearance and answer, to have judgment by default against the Defendants in the principal amount of the claim plus interest, costs and attorneys' fees;

b. That since Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching and restraining all Assets of Defendants in an amount up to and including the sum of $4,150,000.00, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendants including, but not limited to such Assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of the aforesaid banking institutions including but not limited to ABN Amro; American Express Bank; Bank of America NA; Bank of New York; Citibank; Deutsche Bank AG; HSBC Bank USA NA; JP Morgan Chase Bank; Standard Chartered Bank; Wachovia Bank and/or UBS AG and/or any other garnishee(s) upon whom a copy of the Process of Maritime Attachment and Garnishment issued in this action may be served;

c. That an Order be entered directing Defendants to proceed to London arbitration for the adjudication of the merits of the claims;

d. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary in order to give effect to the aforesaid London arbitration; and

e. For such other and further or different relief as this Court may deem just and proper in the premises.

Dated:    New York, NY
        November 7, 2007

                                      BURKE & PARSONS
                                      Attorneys for Plaintiff
                                      HAWKNET LTD.

                                By  _____
                                      Keith W. Heard (KH-8578)
                                      100 Park Avenue
                                      New York NY  10017-5533
                                      (212) 354-3800

## VERIFICATION

STATE OF NEW YORK        )

COUNTY OF NEW YORK   )

Keith W. Heard, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Burke & Parsons, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. This Verification has been made by deponent and not by Plaintiff because Plaintiff is a foreign corporation, and has no officers or directors within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Keith W. Heard

Sworn to before me this
7TH day of November, 2007

_____
Notary Public
Penny S. Martinez
Notary Public State of New York
No. 01MA4865021 Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires 29 September 2010
9022_0001_complaint by hawknet ltd.doc