# THE PEOPLE'S REPUBLIC OF CHINA

## SHANGHAI CITY SUPERIOR PEOPLE'S COURT

### PROOF OF SERVICE

07-civ-9879 (JSR)
ECF Case

[Seal: Shanghai City Superior People's Court]

| | |
|---|---|
| Case No. | Shanghai Superior Court International No. (2008) 038 |
| Cause of Action | Law Association No. (2008) 327    United States |
| Document for Service and Number | Summary of documents served, Summons and Complaint, one copy each. |
| Servee(s) | Shanghai International Shipping Agency Ltd. |
| Address for Service | 17/F International Ocean Shipping Building , 720 Pudong Avenue, Shanghai, ( China). |
| Recipient's Signature or Seal | Signature unrecognizable due to unconventional penmanship<br><br>April 1, 2008 |

| Mode of Service | | Executive server | Bai, Hai    Liu, Jun |
|---|---|---|---|

| Cause for non-delivery or reasons for refusal to accept by the named recipient: |
|---|
| Date |

THE PEOPLE'S REPUBLIC OF CHINA

SHANGHAI CITY SUPERIOR PEOPLE'S COURT

PROOF OF SERVICE

[Seal: Shanghai City Superior People's Court]

| | |
|---|---|
| Case No. | Shanghai Superior Court International No. (2008) 038 |
| Cause of Action | Law Association No. (2008) 327    United States |
| Document for Service and Number | Summary of documents served, Summons and Complaint, one copy each. |
| Servee(s) | Shanghai International Shipping Agency Ltd. |
| Address for Service | 17/F International Ocean Shipping Building , 720 Pudong Avenue, Shanghai, ( China). |
| Recipient's Signature or Seal | Signature unrecognizable due to unconventional penmanship<br><br>April 1, 2008 |

| Mode of Service | | Executive server | Bai, Hai    Liu, Jun |
|---|---|---|---|

| |
|---|
| Cause for non-delivery or reasons for refusal to accept by the named recipient:<br><br><br>Date |

SX-08-326

Case Name: Hawknet Ltd.  v.  International Shipping Agency Group
Defendant:   Shanghai International Shipping Agency Ltd.
Court Case No.:  '07 CIV 9879

## CERTIFICATE
### *ATTESTATION*

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

1)    that the document has been served*
*1.    que la demande a été exécutée*
- the (date)
- *le (date)* __April 1st, 2008__
- at (place, street, number)
- *à (localité, rue numéro)* __Unit M, 17/F International Shipping & France Building, 720 Pudong Avenue, Shanghai, China.__

- in one of the following methods authorised by article 5-
- *dans une des formes suivantes prévues à l'article 5:*
[X] (a)  in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.
    *a)    selon les formes légales (article 5, alinéa premier, lettre a).*
[ ] (b)  in accordance with the following particular method*:
    *b)    selon la forme particulière suivante:* _____

[ ] (c)  by delivery to the addressee, who accepted it voluntarily.*
    *c)    par remise simple*

The documents referred to in the request have been delivered to:
*Les documents mentionnés dans la demande ont été remis à:*
- (identity and description of person)
- *(identité et qualité de la personne)* __The signature can't be recognized.__

- relationship to the addressee (family, business or other):
- *liens de parenté, de subordination o autres, avec le destinataire de l'acte:* __No mentioned.__

2)    that the document has not been served, by reason of the following facts*:
*2.    que la demande n'a pas été exécutée, en raison des faits suivants:*

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*.

*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

LIST OF DOCUMENTS: Summary of the Document to be Served,  Verified Complaint, Summons in a Civil Action, Translations

**Annexes**
*Annexes*
**Documents returned:**
*Pièces renvoyées:*

In appropriate cases, documents establishing the service:
*Le cas échéant, les documents justificatifs de l'exécution:*

Done at __Beijing__, le __May 5, 2008__
*Fait à*

中 华 人 民 共 和 国
司 法 部
司法协助专用章

Signature and/or stamp.
*Signature et/ou cachet.*

\*    Delete if inappropriate.
     *Rayer les mentions inutiles.*                                        2

APPLICANT IS AUTHORIZED TO SERVE JUDICIAL PROCESS UNDER THE UNITED STATES FEDERAL RULES OF CIVIL PROCEDURE AND UNDER THE RULES OF CIVIL PROCEDURE OF THE STATE OF: New York

## REQUEST

## FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

### DEMANDE
### AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ÉTRANGER D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE

Convention on the Service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matierè civile ou commerciale, signée à La Haye, le 15 Novembrè 1965.*

| Identity and address of the applicant<br>*Identité et adresse du requérant* | Address of receiving authority<br>*Adresse de l'autorité destinataire* |
|---|---|
| **Josh R. Cobb**<br>**APS INTERNATIONAL, LTD**<br>**APS International Plaza**<br>**7800 Glenroy Road**<br>**Minneapolis, Minnesota 55439-3122**<br>**U.S.A.**<br>**Tel. 952.831.7776     Fax: 952.831.8150**<br>**Email: JCobb@CivilActionGroup.com** | **DIVISION OF JUDICIAL ASSISTANCE**<br>**Ministry of Justice**<br>**No.10, Chaoyangmen, Nandajie**<br>**Chaoyang District**<br>**Beijing**<br><br>**100020**<br>**China** |

The undersigned applicant has the honour to transmit -- in duplicate -- the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,
(identity and address)
*Le requérant soussigné a l'honneur de faire parvenir -- en double exemplaire -- a l'autorité destinataire les documents ci-dessous énumérés, en la priant conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, savoir:*

(identité et adresse)      Shanghai International Shipping Agency Ltd.

Unit M, 17/F, International Shipping & Finance Building, 720 Pudong Avenue, Shanghai 200120, China

Tel:

[X]  (a)    in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
     a)     *selon les formes légales (article 5, alinéa premier, lettre a).*
[ ]  (b)    in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
     b)     *selon la forme particulière suivante (article 5, alinéa premier, lettre b):*

[ ]  (c)    by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*.
     c)     *le cas échéant, par remise simple (article 5, alinéa 2).*

The authority is requested to return or to have returned to the applicant a copy of the documents -- and of the annexes* -- with a certificate as provided on the reverse side.
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte -- et de ses annexes -- avec l'attestation figurant au verso.*

**List of documents**
*Énumération des pièces*

Verified Complaint
Summons in a Civil Action
Translations
Summary of the Documents to be Served

Done at                                              , the
*Fait à* Minneapolis, Minnesota, U.S.A.              , le _____

**Signature and/or stamp.**
*Signature et/ou cachet.*

(Formerly OBD-116 which was formerly LAA-116,      USM-94
both of which may still be used)                   (Est. 11/22/77)

\* Delete if inappropriate.
. *Rayer les mentions inutiles*



中华人民共和国

上海市高级人民法院

送 达 回 证

| | |
|---|---|
| 案号 | 沪高法外(2008)038 号 |
| 案由 | 法协（2008）327 号　　美国 |
| 送达文书<br>名称和件数 | 被送达文书概要一份，传票一份，诉状一份 |
| 受送达人 | 上海航姆国际船舶代理有限公司 |
| 送达地址 | 上海浦东大道 720 号　　国际航运金融大楼 17/F 单元 |
| 受送达人签<br>名或签章 | 　　　　　　2008 年 4 月 1 日 |
| 送达方式 | 执行送达人　白波　刘俊 |

不能送达的原因或

受送达人拒收理由：

年　　月　　日

# 上海市高级人民法院函

SK 08-326

沪高法外（2008）038 号

最高人民法院外事局：

　　贵院法协（2008）327 号关于 美国 请求向 上海航姆国际船舶代理有限公司 送达法律文书一事，业已经上海市高级人民法院将该法律文书送达到有关当事人，现将送达回证附后，请查收。



二○○八年四月二十一日

AO 440 （2001 年 8 月修订）民事诉讼传票

# 美国联邦地区法院
## 纽约州南部管区

HAWKNET LTD
（HAWKNET 有限公司）

民事诉讼传票

诉

案号：07 CIV 9879

INTERNATIONAL SHIPPING AGENCY
GROUP（国际船务代理集团*）营业名称
ISACO GROUP（ISACO 集团）

RAKOFF 法官

\* 译注：本文件中的公司名称均以英文为准，中文译名仅供参考。

送达于：（被告姓名与地址）

Shanghai International Shipping Agency Ltd.
Unit 17/F, International Shipping & Finance Building
720 Pudong Avenue
Shanghai 200120
People's Republic of China

上海航姆国际船舶代理有限公司
中华人民共和国
上海市浦东大道 720 号
国际航运金融大楼 17/F 单元
邮编 200120

特此传讯你，你必须在被送达本传票后的___30___天内（不包括送达当天）将你对本传票所附诉状之答辩状送达于原告律师（姓名和地址）

Burke & Parsons
100 Park Avenue
New York  NY 10017-5533
伯克与帕森斯法律事务所
纽约州纽约市
派克街 100 号/邮编 10017-5533

假如你不这样做，就会对你作缺席败诉的裁决，令你偿付诉状中所要求的法律救济。你还必须在送达后的一定时间内，将你送达于本案当事人的答辩状呈递于本法院书记官。

J. MICHAEL McMAHON.                    2007 年 11 月 7 日

书记官                                 日期

[签字]

（经办）副书记官

Keith W. Heard (KH-8578)
Burke & Parsons
伯克与帕森斯法律事务所
地址：100 Park Avenue
　　　　New York NY 10017-5533
　　　　纽约州纽约市
　　　　派克街 100 号
　　　　邮编 10017-5533
电话：(212) 354-3800

[戳印]
文件收到
2007 年 11 月 7 日
美国联邦地区法院
纽约州南部管区
出纳处章

美国联邦地区法院
纽约州南部管区

---

|  |  |
|---|---|
| 原告 | RAKOFF 法官 |
| **HAWKNET LTD.（Hawknet 有限公司）** | **'07 CIV 9879** |
| -诉- |  |
| 被告 | 认证诉状 |

**International Shipping Agency Group
（国际船务代理集团）业务名称 ISACO
Group（ISACO 集团）; ISACO Shipping
Shanghai Co., Ltd（ISACO 上海船舶代理
有限公司）以及 Shanghai International
Shipping Agency Ltd.（上海航姆国际船舶
代理有限公司）**

---

\* 译注：本诉状中的公司名称均以英文为准，中文译名仅供参考。

　　　　原告 Hawknet Ltd.（Hawknet 有限公司，下称"原告"）通过 Burke & Parsons（伯克与帕森斯法律事务所）呈递本认证诉状，诉被告 International Shipping Agency Group（国际船务代理集团）业务名称 ISACO Group（ISACO 集团）; ISACO Shipping Shanghai Co., Ltd（ISACO 上海船舶代理有限公司）以及 Shanghai International Shipping Agency Ltd.（上海航姆国际船舶代理有限公司），根据资料和信息断定作陈述如下：

　　　　1.　　本诉讼涉及违反海事合同的索赔，该索赔是一宗在联邦民事诉讼规则第 9(h) 条涵义范围之内的海事求偿诉讼。本诉讼还根据美国法典第 28 章第 1333 节法院海事管辖权而提出。

**当事人**

2.　　在与本诉讼有关的所有时间内，Hawknet Ltd.（Hawknet 有限公司）曾经是现在仍旧是一家根据英国法律组建和存在的外国公司，公司业务总部在 27-37 St. George's Road, Wimbledon SW19 4EU, England（英国温布顿市）。

3.　　在与本诉讼有关的所有时间内，被告 International Shipping Agency Group（国际船务代理集团）业务名称 ISACO Group（ISACO 集团）曾经是现在仍旧是一家根据外国法律组建和存在的公司，公司业务总部在 Room 64-606, Mingwah International Convention Center, No. 8, Guishan Road., Shekou, Shenzhen, People's Republic of China（中华人民共和国深圳市蛇口龟山路 8 号明华国际会议中心 64-606 室）。

4.　　在与本诉讼有关的所有时间内，Shanghai International Shipping Agency Ltd.（上海航姆国际船舶代理有限公司）曾经是现在仍旧是一家根据外国法律组建和存在的公司或其它商业实体，公司业务总部在 Unit 17/F, International Shipping & Finance Building, 720 Pudong Avenue, Shanghai 200120, People's Republic of China（中华人民共和国上海市浦东大道 720 号国际航运金融大楼 17/F 单元/邮编 200120）。

5.　　在与本诉讼有关的所有时间内，ISACO Shipping Shanghai Co., Ltd（ISACO 上海船舶代理有限公司）曾经是现在仍旧是一家根据外国法律组建和存在的公司或其它商业实体，公司的业务总部在 Unit 17/F, International Shipping & Finance Building, 720 Pudong Avenue, Shanghai 200120, People's Republic of China（中华人民共和国上海市浦东大道 720 号国际航运金融大楼 17/F 单元/邮编 200120）。

**根据主租船合同提出的索赔**

6.　　2007 年 5 月，Hawknet 公司根据纽约农产品交易所定期租船格式，从 COSCO Bulk Carrier Co., Ltd.（中远散货运输有限公司，下称"COSCO"）租了船只" 寿昌海号"作一次性租用合同航行。

7.　　Hawknet 公司又根据 2007 年 5 月 29 日的 GENCO（金康）格式（"转租合同"）以程租合同形式将该船转租给被告。根据转租合同条款，该船拟在中华人民共和国的两个港口即南通和张家港装载电线盘条，卸货地点为西班牙的萨贡托（Sagunto）和葡萄牙的莱克索斯（Leixoes）。

8.　　该船在 6 月中旬在南通和张家港装载盘条，提货单签发后就驶往葡萄牙。

9.    8月间，船在莱克索斯港卸货时（原来这是唯一的卸货港），收货人指称船货有实质性的损坏，于是就扣押该船作为他们索赔的抵押品。

10.    为了使该船获释，COSCO（中远）安排提供 1,860,000 葡元本金的银行保证金。

11.    为了从 Hawknet 公司取得抵押反担保，COSCO（中远）于 2007 年 9 月 27日开始在本法院提起诉讼，在此诉讼中它根据联邦民事诉讼规则的附则"某些海事索赔补充规则"规则 B，采取将抵押资金传送给 Hawknet 公司的步骤。该诉讼的待审案件目录编号为 07 CV 8409，且被指派给 Harold Baer 法官。

12.    为了避免它的企业因 COSCO 的资金抵押而受损，2007 年 10 月 4 日Hawknet 公司安排由 American Steamship Owners Mutual Protection and Indemnity Association, Inc.（美国船主保护与保险互助协会有限公司）提供一份金额为 3,800,000 美元（包括利息和诉讼费用）有利于 COSCO 的保证函。

13.    考虑到如上所述所提供的抵押反担保对 COSCO 有利，COSCO 撤回和取消它对 Hawknet 公司的规则 B 诉讼。

### 根据船舶转租合同提出的索赔

14.    根据转租合同的条款，该船拟是以"FIO L/S/D"为依据而被租用，这意味着被告作为租船者将安排、支付费用并承担装载、贮存、捆扎加固和卸货的风险、责任和费用。

15.    根据资料和信息断定，如果 Hawknet 公司已提供抵押金给 COSCO 的船货的损坏责任被全部或部分加于 Hawknet 公司，则 Hawknet 公司应有权得到和因此而坚称从被告处获得全面和完全补偿的权利，保留对在伦敦接受仲裁的被告提出求偿的权利，所根据的条文是转租合同第 33 款有关仲裁的协议，转租合同还规定转租合同应受"英国法律的管制并按英国法律解释"。

16.    除了如上面第 11 段所述向 COSCO 提供全部抵押本金外，原告还要求抵押金额以支付预期的律师费和诉讼费，在伦敦仲裁中，按照英国法律这些一般都可以得到补偿。（见 *Winter Storm Shipping, Ltd.* 诉 *TPI* 案, 310 F.3d 263, 265 （2002 年通报第 2 期），在该诉讼中上诉法院予以恢复的抵押支付"包括利息和预期的律师费和仲裁人费在内的费用。"）

17.　　根据最近的计算，原告估计这些额外损害赔偿和费用，按英国的律师费、诉讼费和仲裁费估算，为 350,000 美元，这将是伦敦仲裁所花费的金额，在伦敦是可以得到补偿的。

18.　　因此根据上面所述，原告索赔中要求本诉讼的抵押总金额为$4,150,000。

19.　　就原告而言，他已经履行它对转租合同承担的所有的义务。

**抵押的基础**

20.　　根据资料和信息判断并经过调查，原告已确定被告无法在本管区被"找到"以便贯彻"某些海事索赔补充规则"规则 B，但根据资料和信息断定，一个或多个被告在本诉讼待审未决之时在本管区将或会将资产，其中包括属于被告、欠被告或是被告得益的现金、资金、贷方金额、汇款、电子转账款项、账户、信用状、运费、转租运费、租金和/或转租金（下称"资产"），通过抵押财产受托银行机构转移，这些银行机构包括但不限于 ABN Amro（荷兰银行）、America Express Bank（美国运通银行）、Bank of America NA（北美洲美国银行）、Bank of New York（纽约银行）、Citibank（花旗银行）、Deutsche Bank AG（德意志银行）、HSBC Bank USA NA（香港上海汇丰银行）、JP Morgan（摩根银行）、Chase Bank（大通银行）、Standard Chartered Bank（渣打银行）、Wachovia Bank（美联银行）和/或 UBS AG（瑞士联合银行）。

21.　　原告要求本法院根据"某些海事索赔补充规则"规则 B 发布法院令，指示法院书记官发布海事扣押与扣押资产托管诉讼程序，扣押被告的资产或由上述扣押资产托管机构持有或保管的资产，以便取得对被告的属人管辖权和确保原告上述的索赔。

有鉴于此，原告请求：

a.　　可根据本法院的一般惯例以正式的法律格式向被告发诉讼程序令，要求它们应诉并对上述内容作出答辩，如它们未能应诉并作答辩，则应对被告作出缺席败诉的裁决，裁令其偿付索赔所要求之本金外加利息、诉讼费和律师费；

b.　　既然被告在本司法管区无法依照"某些海事索赔补充规则"规则 B 的要求被找到，则本法院应发布法院令，指示法院书记官根据"某些海事索赔补充规则"规则 B 发布海事扣押与扣押资产托管诉讼程序以及根据美国法典第 9 章第 1 和第 8 节美国仲裁法，扣押和扣留被告金额达或包括$4,150,000 的所有资产，包括但不限于属于被告、欠被告或是被告得益的现金、资金、贷方金额、汇款、电子转账款项、账户、信用状、运费、转租运费、租金和/或转租金，和/或其它资产，包括但不限于

可能以其自己的名字持有、收到或转移的资产，或为了它的利益被持有、收到或转移，由上述银行机构持有、保管或控制的资产，这些银行机构包括但不限于 ABN Amro（荷兰银行）、America Express Bank（美国运通银行）、Bank of America NA（北美洲美国银行）、Bank of New York（纽约银行）、Citibank（花旗银行）、Deutsche Bank AG（德意志银行）、HSBC Bank USA NA（香港上海汇丰银行）、JP Morgan（摩根银行）、Chase Bank（大通银行）、Standard Chartered Bank（渣打银行）、Wachovia Bank（美联银行）和/或 UBS AG（瑞士联合银行），和/或其它抵押财产托管机构，可以向它们送达一份本诉讼中发布的海事扣押与扣押资产托管诉讼程序；

c.  发布法院令指示被告参加对索赔的是非曲直作裁断的伦敦仲裁；

d.  本法院对可能有必要的进一步或补充诉讼的事务保留司法管辖权；以及

e.  本法院认为合理和适当的其它进一步或不同的法律补救。

日期：2007 年 11 月 7 日

于纽约州纽约市

BURKE & PARSONS
伯克与帕森斯法律事务所
原告 HAWKNET LTD.
的律师

[签字]

经办：_____
　　　Keith W. Heard (KH-8578)
地址：100 Park Avenue
　　　New York  NY 10017-5533
　　　纽约州纽约市
　　　派克街 100 号
　　　邮编 10017-5533
电话：(212) 354-3800

证　明

纽约州　　　）

纽约郡　　　）

Keith W. Heard 在此正式宣誓作证：

1.　我是本法院律师协会的成员，也是原告律师 Burke & Parsons（伯克与帕森斯法律事务所）的成员。

2.　我已阅读上述诉状，我认为其中的内容是确实的。

3.　本证明是由宣誓证人而不是由原告所作，因为原告是一所外国公司，在本司法管区没有办事处或主管人。

4.　我的信息和判断的来源是由原告的代表向我提供的文件和对我所作的表述。

[签字]

_____

Keith W. Heard

于 2007 年 11 月 7 日宣誓

[签字]

_____

公证官

Penny S. Martinez
纽约州公证官
证号 01MA4865021 在萨福克郡有效
证书于纽约郡签发
任期于 2010 年 9 月 29 日到期
9022_0001_complaint by hawknet ltd. doc

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ Southern _____ District of _____ New York _____

HAWKNET LTD.

**SUMMONS IN A CIVIL ACTION**

V.

SHANGHAI INTERNATIONAL SHIPPING
AGENCY LTD.

CASE NUMBER:

**'07 CIV 9879**

*JUDGE RAKOFF*

TO: (Name and address of Defendant)

Shanghai International Shipping Agency Ltd.
Unit M, 17/F, International Shipping & Finance Building
720 Pudong Avenue
Shanghai 200120
People's Republic of China

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Burke & Parsons
100 Park Avenue
New York, New York 10017-5533
USA

an answer to the complaint which is served on you with this summons, within _____ 30 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

NOV 0 7 2007

J. MICHAEL McMAHON

CLERK                    *Marcos Quintero*                    DATE

(By) DEPUTY CLERK

Keith W. Heard (KH-8578)
Burke & Parsons
100 Park Avenue
New York NY 10017-5533
(212) 354-3800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

HAWKNET LTD.,

                                       Plaintiff,

      -against-

International Shipping Agency Group
d/b/a ISACO Group; ISACO Shipping
Shanghai Co. Ltd. and Shanghai
International Shipping Agency Ltd.,

                                       Defendants.

JUDGE RAKOFF

07 CIV 9879

VERIFIED COMPLAINT

---

Plaintiff, Hawknet Ltd. (hereinafter "Plaintiff"), by its attorneys Burke & Parsons, as and for its Verified Complaint against Defendants, International Shipping Agency Group d/b/a ISACO Group, ISACO Shipping Shanghai Co. Ltd. and Shanghai International Shipping Agency Ltd., alleges upon information and belief as follows:

1.    This action involves a claim for the breach of a maritime contract, which is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  This action also arises under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2.    At all times relevant hereto, Hawknet Ltd. was and still is a foreign corporation organized and existing under and by virtue of the laws of England with an office and place of business at 27-37 St. George's Road, Wimbledon SW19 4EU, England

3.    At all times relevant hereto, defendant International Shipping Agency Group d/b/a ISACO Group was and still is a corporation organized and existing under and by virtue of the laws of a foreign country with an office and place of business at Room 64-606, Mingwah International Convention Center, No.8, Guishan Road., Shekou, Shenzhen, People's Republic of China.

4.    At all times relevant hereto, defendant Shanghai International Shipping Agency Ltd. was and still is a corporation or other business entity organized and existing under and by virtue of the laws of a foreign country with an office and place of business at Unit M, 17/F, International Shipping & Finance Building,, 720 Pudong Avenue, Shanghai 200120, People's Republic of China.

5.    At all times relevant hereto, defendant ISACO Shipping Shanghai Co. Ltd. was and still is a corporation or other business entity organized and existing under and by virtue of the laws of a foreign country with an office and place of business c/o Shanghai International Shipping Agency Ltd., Unit M, 17/F, International Shipping & Finance Building,, 720 Pudong Avenue, Shanghai 200120, People's Republic of China.

## CLAIM UNDER THE HEAD CHARTER

6.    In May 2007, Hawknet chartered the vessel SHOU CHANG HAI from COSCO Bulk Carrier Co., Ltd. ("COSCO") for one time charter trip pursuant to a time charter on the New York Produce Exchange form.

7.    Hawknet sub-chartered the Vessel to defendants on a voyage charter on the GENCON form dated May 29, 2007 (the "Sub-Charter").  Under the terms of the Sub-Charter, the Vessel was to load a cargo of wire rod in coils at Nantong and Zhangjiagang, two ports in the People's Republic of China, for discharge at Sagunto, Spain and Leixões, Portugal.

8.    The Vessel loaded the wire rod at Nantong and Zhangjiagang in mid-June, bills of lading were issued and the Vessel then sailed to Portugal.

9.    Upon discharge of the cargo at Leixões in August (which turned out to be the only discharge port), the receivers alleged that there was substantial damage and arrested the Vessel to obtain security for their claim.

10.  To obtain the Vessel's release, COSCO arranged the provision of a bank guarantee in the principal amount of € 1,860,000.

VERIFIED COMPLAINT

11.  To obtain countersecurity from Hawknet, COSCO commenced an action in this Court on September 27, 2007, in which it took steps to attach funds being transmitted to or from Hawknet pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, annexed to the Federal Rules of Civil Procedure. That action was filed under Docket No. 07 CV 8409 and was assigned to Judge Harold Baer.

12.  To avoid the disruption to its business that would have resulted from the attachment of funds sought by COSCO, on October 4, 2007, Hawknet arranged for the American Steamship Owners Mutual Protection and Indemnity Association, Inc. to provide a letter of undertaking in favor of COSCO in the amount of $3,800,000, inclusive of interest and costs.

13.  In consideration of the counter-security provided in favor of COSCO, as described in the preceding paragraph, COSCO withdrew and dismissed its Rule B action against Hawknet.

## CLAIM UNDER THE SUB-CHARTER

14.  Under the terms of the Sub-Charter, the cargo is to be carried on an "FIO L/S/D" basis, which means defendants, as the Vessel's charterers, are to arrange, pay for and accept the risk, liability and expense of loading, stowing, lashing, securing and discharging the cargo.

15.  Upon information and belief, if any liability for the cargo damage for which Hawknet has provided security to COSCO is imposed upon Hawknet, in whole or in part, then Hawknet shall be entitled to and hereby asserts the right to recover full and complete indemnity from defendants, reserving the right to have its claim against defendants arbitrated in London pursuant to the arbitration agreement found in Clause 33 of the Sub-Charter, which also provides that the Sub-Charter shall be "governed by and construed in accordance with English law".

16.  In addition to an attachment in the full principal amount of the security provided to COSCO as stated in Paragraph 11 above, Plaintiff also seeks an attachment over an additional sum to cover its anticipated attorneys' fees and costs, which are routinely recoverable under English law in London arbitration. (*See Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 265 (2d Cir. 2002), where the attachment

that the Court of Appeals reinstated covered "an amount that includes interest and anticipated attorneys' and arbitrators' fees.")

17.   As nearly as can be presently computed, Plaintiff estimates these additional damages and costs to be $350,000.00 in estimated U.K. counsel fees, costs, and arbitrators' fees, which will be incurred in conjunction with the London arbitration and which are recoverable there.

18.   Based upon the foregoing, therefore, the total sum sought to be attached in this action with respect to Plaintiff's claim is $4,150,000.00.

19.   For its part, Plaintiff has satisfied and performed all of its obligations under the terms of the Sub-Charter.

## BASIS FOR THE ATTACHMENT

20.   Upon information and belief, and after investigation, Plaintiff has determined that the Defendants cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, but upon information and belief one or more of the Defendants has, or will have during the pendency of this action, assets within this District comprising, *inter alia*, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of the Defendants (hereinafter "Assets"), moving through garnishee banking institutions including but not limited to ABN Amro; American Express Bank; Bank of America NA; Bank of New York; Citibank; Deutsche Bank AG; HSBC Bank USA NA; JP Morgan Chase Bank; Standard Chartered Bank; Wachovia Bank and/or UBS AG.

21.   Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendants or any of them held by or in the custody or temporary possession of the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendants and to secure Plaintiff's claims as described above.

WHEREFORE, Plaintiff prays:

a.  That process in due form of law according to the usual practice of this Court may issue against Defendants citing them to appear and answer the foregoing, and failing such appearance and answer, to have judgment by default against the Defendants in the principal amount of the claim plus interest, costs and attorneys' fees;

b.  That since Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching and restraining all Assets of Defendants in an amount up to and including the sum of $4,150,000.00, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendants including, but not limited to such Assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of the aforesaid banking institutions including but not limited to ABN Amro; American Express Bank; Bank of America NA; Bank of New York; Citibank; Deutsche Bank AG; HSBC Bank USA NA; JP Morgan Chase Bank; Standard Chartered Bank; Wachovia Bank and/or UBS AG and/or any other garnishee(s) upon whom a copy of the Process of Maritime Attachment and Garnishment issued in this action may be served;

c.  That an Order be entered directing Defendants to proceed to London arbitration for the adjudication of the merits of the claims;

d.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary in order to give effect to the aforesaid London arbitration; and

e.  For such other and further or different relief as this Court may deem just and proper in the premises.

VERIFIED COMPLAINT                                                    Page 5 of 7

Dated:    New York, NY
          November 7, 2007

                                                      BURKE & PARSONS
Attorneys for Plaintiff
HAWKNET LTD.

By    _Keith W. Heard_____
        Keith W. Heard (KH-8578)
        100 Park Avenue
        New York NY  10017-5533
        (212) 354-3800

VERIFIED COMPLAINT

## VERIFICATION

STATE OF NEW YORK          )

COUNTY OF NEW YORK    )

Keith W. Heard, being duly sworn, deposes and says:

1.  I am a member of the bar of this Honorable Court and of the firm of Burke & Parsons, attorneys for the Plaintiff.

2.  I have read the foregoing Complaint and I believe the contents thereof are true.

3.  This Verification has been made by deponent and not by Plaintiff because Plaintiff is a foreign corporation, and has no officers or directors within this jurisdiction.

4.  The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____

Keith W. Heard

Sworn to before me this
_7 TH_ day of November, 2007

_____
Notary Public
Penny S. Martinez
Notary Public State of New York
No. 01MA4865021 Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires 29 September 2010
9022_0001_complaint by hawknet ltd.doc

VERIFIED COMPLAINT